```
              UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF NORTH CAROLINA
                      GREENSBORO DIVISION
```

IN RE:                              )
                                    )
4 Seasons Express Mart, Inc.,       )   Case No. 05-14388C-7G
                                    )
        Debtor.                     )
_____)
                                    )
Everett B. Saslow, Jr.,             )
Trustee,                            )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   Adversary No. 06-2086
                                    )
Times Oil Corporation,              )
                                    )
        Defendant.                  )
                                    )

                          ORDER AND OPINION

This adversary proceeding came before the court on February 6, 2007, for a hearing upon the defendant's motion to dismiss pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedures.  Martha R. Sacrinty appeared on behalf of the plaintiff and John Henderson Hasty appeared on behalf of the defendant.  Having considered the motion and the arguments of counsel, the court has concluded that the motion to dismiss should be denied.

The motion to dismiss is based upon the assertion that the court lacks jurisdiction because 4 Seasons Express Mart, Inc., the debtor in the underlying Chapter 7 case (the "Debtor"), was administratively dissolved by the North Carolina Secretary of State prior to the filing of the Chapter 7 case and thereafter did not exist and hence lacked the capacity to invoke the jurisdiction of

the bankruptcy court by filing a Chapter 7 petition.

Whether the Debtor was in existence and had the capacity to file for bankruptcy relief is a matter that is controlled by North Carolina law. See In re Wine Farms, Inc., 94 B.R. 410 (Bankr. W.D. Va. 1988). N.C. Gen. Stat. §55-14-05 deals with the effect of a corporation being dissolved. That statute specifically provides in subparagraph (a) that "[a] dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including . . . [d]oing every other act necessary to wind up and liquidate its business and affairs."

Pursuant to N.C. Gen. Stat. § 55-14-05, the corporate existence of the Debtor continued after the Debtor was administratively dissolved and, pursuant to N.C. Gen. Stat. § 55-14-05, the Debtor had the capacity of doing any act necessary to wind up and liquidate its business and affairs. The commencement of a Chapter 7 case obviously is one way to wind up and liquidate a corporation. It follows that the Debtor continued to exist and had the capacity to commence a Chapter 7 bankruptcy case and thereby invoke the jurisdiction of the bankruptcy court. The defendant's motion to dismiss therefore should be overruled and denied.

IT IS SO ORDERED.

This 6th day of February, 2007.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES TO BE SERVED

06-2086      Everett B. Saslow, Jr., vs. Times Oil Corporation

Martha R. Sacrinty
POB 989
Greensboro, NC 27402

John Henderson Hasty
Guthrie Davis Henderson Staton, PLLC
719 E. Blvd.
Charlotte, NC 28203

Michael D. West
POB 1828
Greensboro, NC 27402